PEIERLS, BUHLER & CO., INC., Respondent, *v.* ISIDORE NEWBURGER
and MARKS GOLDSTEIN, Appellants.

First Department, July 14, 1922.

Sales — action by factor to recover purchase price — contract provided
that all terms and limits of credit might be changed by factor — request
by defendants not to ship not anticipatory breach justifying can-
cellation by seller — seller or factor had right to cancel credit but not
to cancel contract — buyer had right to return goods delivered after
unlawful cancellation by seller.

In an action by a factor to recover the purchase price of goods delivered in part
fulfillment of a contract, brought after the contract had been canceled by the
seller, the plaintiff cannot rely upon an alleged anticipatory breach of the
contract by the defendants as an excuse for the cancellation, where the seller
did not so state in the letter canceling the contract, and where said alleged
breach consisted merely in a request by the defendants not to ship goods and
where the defendants did not refuse to receive any further shipments.

The provision in the contract of sale authorizing the plaintiff to change all terms
and limits of credit gave it the right to cancel the credit and to demand cash
for the goods, but did not give it or the seller the right to cancel the contract
because of the financial condition of the defendants.

The seller having canceled the contract of sale unlawfully, the defendants had
the right to return all goods received thereunder and having made a valid
tender of the goods so received, they cannot be held liable for the purchase
price thereof.

APPEAL by the defendants, Isidore Newburger and another,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on
the 21st day of February, 1922, upon the verdict of a jury, and
also from an order entered in said clerk's office on the 28th day
of February, 1922, denying defendants' motion for a new trial
made upon the minutes.

*Siegel & Corn* [*Henry S. Dottenheim* of counsel; *Jacob H. Corn*
with him on the brief], for the appellants.

*Douglass Newman,* for the respondent.

PAGE, J.:

The plaintiff is a factor and brings suit to recover the purchase
price of seven pieces of dry goods sold by the Saxonia Dress Goods
Mills to the defendants, the claim having been assigned by the
mills to the plaintiff.

The facts are that on April 28, 1921, the defendants agreed
to purchase from the Saxonia Dress Goods Mills twenty pieces
of merchandise, sample pieces of each style to be delivered during
May, the balance during July or August, at Saxonia's option.

The contract provided that partial deliveries are to be paid for at contract prices upon maturity of bills therefor, and further that all terms and limits of credit specified therein were subject at all times before and after acceptance thereof to be changed or withdrawn by Peierls, Buhler & Co., Inc., to whom all bills were payable.   There were delivered during May and June the seven sample pieces and bills rendered therefor.   On June fourteenth Goldstein and Newburger dissolved partnership and sent out a notice thereof; thereupon Peierls, Buhler & Co., Inc., sent a representative, who called on Mr. Newburger who was to continue the business, and inquired whether the withdrawing of Goldstein from the firm had affected their financial condition, and requested that a financial statement be furnished.   Newburger refused to give a financial statement and said that if he did give one it would be made out after August first and as of that date. On or about the twentieth of July the Saxonia Dress Goods Mills were prepared to ship the remainder of the goods called for by the order, but when the shipping ticket was presented to the plaintiff they refused to check them out; thereupon, the Saxonia Dress Goods Mills wrote to defendants the following letter:

" DEFENDANTS' EXHIBIT B.
                                                " *July* 20, 1921.
          " Registered Mail — Receipt Demanded.
" Messrs. GOLDSTEIN & NEWBURGER,
          " 225 4th Ave., City.
               Dept. A.   Peter Goldstein:
" GENTLEMEN.— Our Credit Office has informed us today that they are not willing to check out the goods we have on order for you and which we are ready to deliver.   For this reason we regret to be compelled to cancel your order on our books of which we ask you to kindly take note.

" Any further information regarding this we ask you to kindly obtain from the Credit Office as we are unable to do so.
               " Very truly yours,
" DA /EG.                         SAXONIA D. G. MILLS."

Thereafter Newburger offered to return the said sample pieces that they had received, which was refused, and thereafter, on August twenty-fifth, they tendered the goods to the Saxonia Mills at their place of business, which tender was refused.   It was claimed on the part of the plaintiff that prior to the sending of the letter of July twentieth the defendants had requested that no more goods be delivered on the order, and although this was disputed the learned judge at Trial Term considered that this

might have been treated as an anticipatory breach of the contract on the part of the defendants, so as to excuse the plaintiff from further performance. It is to be noted that the evidence was not that the defendants would refuse to receive any further shipments, but merely a request that the p aintiff should not ship, and, therefore, to my mind it could not possibly be treated as an anticipatory breach, and furthermore, there was no such ground stated by the Saxonia Dress Goods Mills in its letter of July twentieth.

Under the terms of the contract Peierls, Buhler & Co., Inc., could only cancel the terms and credit and insist upon payment of cash. The contract did not give them or the Saxonia Dress Goods Mills the right, at their option, to cancel the contract. Therefore, when they elected to cancel the contract the defendant had the right to tender back what he had received under it if he was willing to acquiesce in the cancellation. For this reason, the motion that was made at the close of the case, that the court direct a verdict in favor of the defendants, should have been granted.

The judgment and order should be reversed, with costs, and judgment directed for the defendants upon the merits.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and judgment directed for defendants on the merits.